## WILLARD v. CALHOUN ET AL.

1. **Mortgages**: FORECLOSURE: CONSOLIDATION OF ACTIONS: DEFENDANT NOT NOTIFIED: HOW FAR BOUND BY DECREE. Where a party in interest is made defendant in an action to foreclose a first mortgage, and afterwards other actions to foreclose other mortgages on the same premises, to which he is not made a party, are consolidated with the first action, and he has no notice of the consolidation, and one decree is entered determining the rights and priorities of the parties, such defendant will be bound by the decree so far as it adjudges his interest to be inferior to the lien of the first mortgage, and a sale thereunder will terminate his interest.

2. **Pleading**: PLEADER BOUND BY HIS AVERMENTS. Where plaintiff avers that defendant is the owner of certain real estate, and it is not claimed or pretended that he has any other title than that derived through a decree and sale in foreclosure, plaintiff cannot in the same action question the validity of the decree.

3. **Easement**: FOOTWAY BY PRESCRIPTION: CODE, § 2033. Under Code, § 2033, no right of footway, except where claimed in connection with the right to pass with carriages, can be acquired by prescription or adverse use for any length of time.

4. ————: IN UNDIVIDED INTEREST IN REAL ESTATE. One cannot have an easement in the undivided interest of one of two joint owners of real estate, because he could not use it without infringing upon the rights of the other joint owner.

5. ————: OF NO VALUE: EQUITY WILL NOT PRESERVE. Equity will not preserve an easement in a hall, which can be used only in connection with a stairway, after the right to use the stairway has been lost.

*Appeal from Marshall Circuit Court.*

FRIDAY, APRIL 23, 1886.

ACTION in equity for an injunction. The plaintiff claims to be the owner of an easement in a certain stairway and hallway, and he avers that the defendants, Calhoun and Brown, are interfering with his enjoyment of his easement, and he asks that they be restrained by injunction. There was a decree for the plaintiff. The defendants appeal.

*W. O. Childs* and *Brown & Carney*, for appellants.

*A. C. Daly* and *J. H. Blair*, for appellee.

ADAMS, CH. J.—The defendants deny that the plaintiff ever had an easement in the stairway or hallway, or even a license to use the same. The evidence, as bearing upon these questions, is voluminous and conflicting, and we might not be agreed as to what it should be held to show. But we do not necessarily reach such questions. It is contended by the defendants that if the plaintiff at one time had the rights which he contends that he had, his rights were afterwards cut off by the foreclosure of a mortgage. The question as to the effect of the foreclosure lies upon the threshold. If this shall be determined adversely to the plaintiff, it is manifest that it is immaterial what rights he had before that time.

The plaintiff and the defendants, Calhoun and Brown, own a brick block erected upon lot 6, in the city of Marshalltown. This lot fronts north on Main street, and is bounded on the west by First street. The plaintiff owns the west third, to-wit, that next to First street. Calhoun owns the middle third, and Brown the east third. On the line between Calhoun's part and Brown's part is a stairway leading to the floor of the second story, and in the second story a hall extends from near the head of the stairway westward across Calhoun's part to Willard's part. The stairway thus constructed on Calhoun's and Brown's premises, and the hall constructed on Calhoun's premises, the plaintiff has been accustomed to use in gaining access to the second floor of his part. In this way he has had the enjoyment of an inside stairway, and has not been put to the expense of erecting and maintaining an outside stairway. But recently Calhoun and Brown have become desirous of executing certain plans which require the closing up of the hall the use of which plaintiff has enjoyed, and without which the stairway is of no service to him, and, Calhoun and Brown being about to execute their plans, the plaintiff brought this his action to enjoin them; and he prays, not only that they be enjoined from interfering with his use of the hall, but of the stairway.

While there does not yet appear to have been any direct attempt by the defendants to interfere with the plaintiff's use of the stairway, yet, as they deny his right to such use, and as the plaintiff's enjoyment of the hall depends upon such use, the hall and stairway may be considered together as constituting parts of one thing.

With this preliminary statement, we come to consider the effect of the foreclosure, which it is claimed by the defend-

1. MORT- ants cuts off the plaintiff's rights, if he ever had
GAGES: fore-
closure: con- any. The fact of the foreclosure is not denied
solidation of
actions: de- by the plaintiff. Neither is it denied that there
fendant not
notified: how was a sheriff's sale and deed to Brown. But the
far bound by
decree. plaintiff denies the validity of the decree, and,
accordingly, the validity of the sale and deed. One Burdette Wood held a purchase-money mortgage upon that part of the lot now claimed by Brown. It appears to have been paramount to any right which the plaintiff claims to have had. There were also two junior mortgages upon the property,—one executed to one Jane Reed, and the other to the Hawkeye Benefit & Loan Association. Wood brought an action to foreclose, making the present plaintiff, Willard, a party defendant, and also both of the junior mortgagees. The Hawkeye Benefit & Loan Association filed a cross-petition, asking for the foreclosure of its mortgage. But Jane Reed brought an independent action to foreclose her mortgage, which action, however, was consolidated with Wood's action, and a decree was rendered in favor of each of the three mortgagees for the amount due each respectively. The priorities were ascertained and decreed, and the property ordered sold, and the proceeds to be applied in payment of the several amounts according to the respective priorities. The property was sold, and, no redemption having been made, a sheriff's deed was executed and delivered, and Brown claims under that deed.

Willard, the present plaintiff, made no appearance in the action, and was defaulted, and a decree was entered barring

his rights. He claims, however, that he was not in fact affected by the foreclosure. His claim is based upon the fact that he was not made a party to the action brought by Jane Reed; that he had no notice of the consolidation; and that the decree was entered without his knowledge; which decree made all the mortgage claims paramount to his easement, whereas only the Wood claim was properly so. His argument is that, as he had no notice of any claim of priority except by Wood, he had a right to assume that only Wood's mortgage would be held paramount, and might safely enough make default in reliance upon such assumption. He calls our attention to section 2734 of the Code, which provides for notice before consolidation, which notice, it is conceded, was not given.

But we do not think that we should be justified in treating that part of the decree rendered in Wood's favor void; that is, distinct from the other part. According to the plaintiff's own theory, he could not have protected himself without redeeming from Wood's claim. We see no reason, then, why the decree in respect to that should be held void. Willard was made defendant by Wood, and had due notice of all that Wood claimed. If there had been no consolidation, Wood's action would have proceeded to a decree, and the result, so far as Wood's claim is concerned, would have been the same. There was nothing of which Willard could complain except the fact that the other two claims were held paramount to his easement. It was enough for him to claim that the decree in respect to such priority was void. But if it were conceded that it was, he had still to redeem from the Wood claim. This he did not do, but he allowed the property to be sold under it, and the year of redemption to expire, and a deed to issue. We think that his rights, as the decree provided, became barred.

But it appears to us that we should be obliged to reach the same result upon different ground. The plaintiff avers in

Willard v. Calhoun et al.

**2. PLEADING: pleader bound by his averments.** his petition that Brown is the owner of the east third. This averment assumes the validity of the decree under which the property was sold and Brown's deed was executed. Brown claims no title except through the decree in question, and there is no pretense that he had any other.

It is insisted, however, by the plaintiff, that, even if his easement was extinguished by the deed to Brown, he gained **3. EASEMENT: footway by prescription: Code, § 2033.** another because he continued to use the stairway and hall for more than ten years afterwards under claim of right. But, in our opinion, this position cannot be sustained. The easement claimed is a right of footway, and section 2033 of the Code provides that " no right of footway, except where claimed in connection with the right to pass with carriages, shall be acquired by prescription or adverse use for any length of time."

It is conceded that Calhoun and Brown own the stairway together, with a right to use the same in common. The **4. ——: in undivided interest in real estate.** plaintiff cannot have an easement in Calhoun's undivided interest, for it would be impossible for him to enjoy the interest without infringing upon Brown's rights. The deed to Brown, then, practically extinguished the plaintiff's right in the entire stairway, and, as the plaintiff could reach the hall only through the stair- **5. ——: of no value: equity will not preserve.** way, we think that the deed practically extinguished the plaintiff's right in the hall. Certainly a court of equity would not enjoin the defendants from a free use of the hall for the purpose of respecting the plaintiff's rights therein after the enjoyment of those rights had become impracticable. No equity of that kind exists in the plaintiff's favor.

We think that the decree of the circuit court must be

REVERSED.